```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Dwight Bennett</u>

    v.                                Case No. 11-cv-78-PB

<u>United States of America</u>


### <u>O R D E R</u>

Dwight Bennett has filed a motion pursuant to 28 U.S.C. § 2255 arguing that his counsel was constitutionally ineffective for three reasons.  First, he claims that counsel should have challenged the indictment because it did not identify a drug quantity.  Second, he argues that counsel should have challenged the indictment because the public record does not reflect the fact that it was signed by the foreperson.  Finally, he argues that counsel improperly failed to challenge the lawfulness of his arrest.

All three of Bennett's arguments are obviously meritless for the reasons set forth in the government's well-drafted response to the motion.  No point would be served by restating those reasons here.  Instead, it is sufficient to merely note that the court adopts the government's reasoning in its

entirety. Bennett's motion (Doc. No. 1) is denied.

Because Bennett has failed to make a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability.  See 28 U.S.C.§ 2253(c)(2); Rule 11, Rules Governing Habeas Corpus Cases Under Section 2254; First Cir. LR 22.0.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

July 11, 2011

cc:   Dwight Bennett, pro se
      Seth Aframe, Esq.